UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

CASE NO.

WESTON DAVERN and
VANESSA DAVERN,

    Plaintiffs,

v.

AMERICAN STRATEGIC
INSURANCE CORP.,

    Defendant.

_____/

## COMPLAINT

Plaintiffs Weston Davern and Vanessa Davern ("Plaintiffs") file this Complaint against Defendant American Strategic Insurance Corp. ("Defendant") and alleges as follows:

## INTRODUCTION

1. This is an action for breach of contract arising from Defendant's failure to indemnify Plaintiffs for losses covered by the contract of flood insurance issued by Defendant to Plaintiffs.

## JURISDICTION AND VENUE

2. This is an action for breach of an insurance contract issued pursuant to the National Flood Insurance Act ("NFIA"), 42 U.S.C. §4001. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §4072.

3. Venue is proper in the Middle District of Florida because the property insured by the flood insurance contract at issue is situated in Charlotte County.

## PARTIES

4. Plaintiffs Weston Davern and Vanessa Davern are over the age of majority, residents and citizens of the State of Florida, and residents of Charlotte County, Florida.

5. Defendant is a corporation licensed to and conducting business in the State of Florida, including but not limited to Charlotte County, with its principal place of business located in Florida.

## GENERAL ALLEGATIONS

6. Plaintiffs and Defendant entered into an insurance contract, bearing Policy Number 0FLD436466 that was in full force and effect at the time of the subject date of loss (the "Policy"). A copy of the Policy is attached hereto as Exhibit "A."

7. At all times material hereto, the Policy provided coverage for property damage for the property owned by the named insured, and listed in the Policy's Property Coverage Schedule as 8259 Pelican Road, Englewood, Florida 34224 (the "Property.")

8. Plaintiffs sustained damage to the Property as result of Hurricane Ian on or about September 28, 2022.

9. Plaintiffs promptly and timely provided notice of the loss to Defendant, to which Defendant assigned Claim No.: 22755-231001 (the "Claim.")

10. Plaintiffs presented Defendant with all information necessary to adjust and pay Plaintiffs' claim.

11. Plaintiffs allowed Defendant to inspect the Property.

12. Defendant inspected Plaintiffs' Property.

13. Defendant failed to indemnify Plaintiffs for the Claim as required by the terms and conditions of the Policy.

14. The damage to Plaintiffs' Property was caused by flood damage, which is covered under the terms and conditions of the Policy. The losses include extensive damage to Plaintiffs' dwelling and its contents.

15. All conditions precedent to bringing this action and to recover under the Policy have been performed by the Plaintiffs or have otherwise been waived by Defendant.

## COUNT I - BREACH OF CONTRACT

16. Plaintiffs repeat the allegations set forth in paragraphs 1 through 16 above as if fully restated herein.

17. Plaintiffs and Defendant are parties to a contract. See the Policy attached hereto as Exhibit "A."

18. Defendant breached the contract by failing to indemnify Plaintiffs for their losses under the Policy.

19. As a direct and proximate cause of the Defendant's breach of contract, Plaintiffs have suffered damages.

**WHEREFORE,** Plaintiffs demand judgment for damages, including but not limited to property damages, damages to contents, loss of use, and costs and interests allowed by law.

## COUNT II – DECLARATORY JUDGMENT

(AS TO INDEMNIFICATION)

20. Plaintiffs repeat the allegations set forth in paragraphs 1 through 16 above as if fully restated herein.

21. Plaintiffs seek a declaration that Defendant had a duty to provide coverage and indemnification to Plaintiffs under the Policy.

22. There is a bona fide, actual, and present practical need for declaration as to the above-quoted provision of the Policy.

23. The declaration concerns a present, ascertained and ascertainable state of facts.

24. An immunity, power, privilege or right of Plaintiffs is dependent upon the facts or the law applicable to the facts.

25. Plaintiffs and Defendant have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law.

26. The antagonistic and adverse interest(s) are all before the court by proper process or class representation.

27. The relief sought is not merely giving of legal advice or the answer to questions propounded for curiosity.

**WHEREFORE,** Plaintiffs seek a declaration that Defendant was obligated under the Policy to provide coverage and indemnification to Plaintiffs.

### REQUEST FOR JURY TRIAL

Plaintiffs hereby request a trial by jury of all issues so triable as a matter of right.

Dated: October 25, 2023.

    Respectfully Submitted,

    **WITES & ROGERS, P.A.**
    Attorneys for Plaintiffs
    4400 North Federal Highway
    Lighthouse Point, FL  33064
    Telephone:  954-993-4400
    Facsimile:   954-354-0205

    By: */s/ Marc A. Wites*
        MARC A. WITES
        Florida Bar No.: 24783
        mwites@witeslaw.com
        ARIEL D. SOFRO
        Florida Bar No. 37216
        asofro@witeslaw.com